UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:17-CR-050-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC WALKER, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER DENYING MOTION FOR** |
| Defendant. | ) | **COMPASSIONATE RELEASE** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Eric Walker's *pro se* Motion for Compassionate Release. [R. 68]. The United States filed no response. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

## I. Background

On March 7, 2018, Defendant pleaded guilty to possession with intent to distribute methamphetamine. [R. 43; R. 41; R. 45]. His Guideline Range was 188-235 months of imprisonment. [Statement of Reasons, p.1]. This Court granted a variance based on mitigating factors in Defendant's history and characteristics and sentenced Mr. Walker to 150 months of imprisonment, followed by 6 years of supervised release. [R. 59]. He is currently serving his sentence at FCI Beckley. [R. 68]. His projected release date is November 27, 2028. *See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 27, 2023). On May 27, 2021, Defendant filed his original *pro se* Motion for Compassionate Release. [R. 64]. He described lingering effects from Covid, such as loss of taste and smell along with difficulty breathing, and argued for compassionate release. The Court denied the motion without prejudice

- 1 -

for failure to exhaust his administrative remedies. [R. 65]. A year later, on June 21, 2022, Defendant filed the current Motion. [R. 68]. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." As discussed below, the Court will deny Mr. Walker's Motion.

## II.    Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court **may not** modify a term of imprisonment once it has been imposed **except that**—
>
> (1) In any case—
>
>> (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—**
>>
>>> (i)  **extraordinary and compelling reasons warrant such a reduction . . .**
>>>
>>> **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under § 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the

- 2 -

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant

- 3 -

files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.    Discussion

#### A.    Extraordinary and Compelling Reasons

As an initial matter, the Court will address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. In his Motion, Defendant alleges that he submitted a request for release to the warden, but the warden never responded. [R. 68, p. 2]. For purposes of this Motion, the Court will assume that the matter is properly before the Court and that Defendant has satisfied his exhaustion requirements. *Alam*, 960 F.3d at 833−35.

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111.

Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109.

In his Motion, Defendant argues for compassionate release due to having served 59 months of his 150-month sentence and because of his extensive efforts at rehabilitation. Defendant recounts that he has "completed multiple educational classes like ACE C.D.L., ACE Spanish, Forklift and Job skills." [R. 68, p. 1]. He notes he has also "completed drug classes 40 hour course and is currently in the M.A.T. drug program taking bi-weekly classes to prevent from returning to drug abuse and been enrolled since 11-09-21." *Id.* He provides that he has been steadily employed as a plumber and in the barber shop, and that he is a first-time father. *Id.* He makes no mention of his previous Covid health issues, or any other health issues.

Although the Court is impressed with Defendant's noteworthy rehabilitation, nothing in the Motion rises to the level of extraordinary and compelling reasons to warrant release. Indeed, the current policy statement on compassionate release provides that, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13, n.3.

Further, even if Defendant met the first step of the compassionate-release test—that is, if the Court found "extraordinary and compelling" circumstances—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

## B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the submission and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and

- 5 -

circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* This Court has thoroughly reviewed the sentencing proceedings in this case, along with the submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense" weigh against release. 18 U.S.C. § 3553(a)(1). Defendant was convicted of possession with intent to distribute methamphetamine as a career offender. Although his Guideline range was 188-235 months of imprisonment, the Court sentenced him to a below-Guideline sentence of 150 months. Stated another way, the Court considered all mitigating factors at Defendant's original sentence and sentenced him to the least sentence possible that still honored the purposes of sentencing under 18 U.S.C. § 3553(a). Moreover, release at this point, after having served less than half of his sentence, would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a sentence of 150 months, a variance from his Guideline

- 6 -

range, weigh against early release.

The Court would be remiss if it did not comment on Mr. Walker's significant and impressive efforts toward rehabilitation during incarceration, his drug treatment programming, and his desire to bond with his young child. The Court is encouraged by Mr. Walker's productivity and efforts to ensure he can be the person he needs to be upon release. This wise work and productive thinking will bear fruit upon his release from custody. But even so, for the foregoing reasons, and upon consideration of *all* the § 3553(a) sentencing factors, early release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Eric Walker's Motion for Compassionate Release [**R. 68**] is **DENIED**.

This the 27th day of March, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY